FILED

JUL 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S. P., by Edward Parks, her next friend and parent; EDWARD PARKS; EVELYN PARKS,<br><br>              Plaintiffs - Appellants,<br><br>   v.<br><br>NATIVE VILLAGE OF MINTO; MINTO TRIBAL COURT; KEN SALAZAR, Secretary of the Interior; LARRY ECO HAWK, Assistant Secretary of the Interior for Indian Affairs; U.S. DEPARTMENT OF THE INTERIOR,<br><br>              Defendants - Appellees. | No. 10-35000<br><br>D.C. No. 3:09-cv-00092-HRH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted May 4, 2011
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

---

          [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs-Appellants S.P., Edward Parks, and Evelyn Parks appeal an order of the district court dismissing the case under the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971). Appellants argue that Defendant-Appellee Native Village of Minto ("Minto") and its tribal court lacked jurisdiction to make a custody determination concerning his child. The district court abstained under *Younger*, citing ongoing custody proceedings in Alaska state court. We affirm.

The *Younger* question arises when disposition of a federal case "would have the same practical effect on [a] state proceeding as a formal injunction." *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004) (en banc). Abstention "is required if . . . state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Sup. Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Appellants concede that the three *Younger* factors have been met and challenge the district court's decision only by claiming that a decision on the merits would not functionally enjoin the Alaska state court proceedings.

2

Although the federal and state cases involve different parties and initially appear to implicate different issues, the federal questions presented in this case are unquestionably intertwined with the questions posed in the state case. Most significantly, as Parks himself has pointed out before the Alaska Superior Court, determining whether Minto and its tribal court have jurisdiction over S.P. under the Indian Child Welfare Act of 1978 ("ICWA") is critical to determining whether Alaska courts are obligated to give full faith and credit to the tribal court's judgment. Parks also presented arguments before the state court claiming that the Department of the Interior's recognition of Minto as a federally recognized tribe was invalid. In denying a motion to dismiss, the state court explicitly assumed that appellants' federal claims were "preserved . . . for decision in the superior court" and could therefore be re-litigated.[1] It is clear, then, that the state court views resolution of appellants' federal claims as part of the overall child custody proceeding. Accordingly, a decision on the merits by a federal court would "have the same practical effect on the state proceeding as a formal injunction" because it would prevent the state court from reaching different legal conclusions.

---

[1] This ruling actually favored appellants because it permitted them to relitigate the issue of tribal jurisdiction in state court.

3

*Gilbertson*, 381 F.3d at 977–78. Thus, the district court's decision to abstain under *Younger* was appropriate.

In light of our disposition, we do not address whether the Alaska court's decision affects appellants' reservation of certain federal questions under *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964), nor do we address whether the appellants were required to exhaust their remedies before the Minto Tribal Court.

AFFIRMED.